IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STACY KNIGHT )
)
v. ) No. 3-12-1226
)
PROVIDENT LIFE AND ACCIDENT )
INSURANCE COMPANY; and UNUM )
CORPORATION )

O R D E R

A hearing on the plaintiff's motion to compel (Docket Entry No. 25) is scheduled on **Tuesday, September 10, 2013, at 10:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

Defendants' counsel shall bring with him/them the documents that are the subject of the defendants' privilege log for in camera inspection, if appropriate.

By August 9, 2013, the parties shall file a joint motion for entry of a protective order, with the proposed protective order attached that addresses the disclosure of documents that the plaintiff has requested but the defendant has not yet produced because a protective order has not been entered. If the defendant has already produced such documents at issue and/or the defendants no longer believe that a protective order is necessary, the parties shall, by August 9, 2013, file a joint notice to that effect.

If the parties jointly move for entry of a proposed protective order, the proposed protective order shall provide that, if either party seeks to file under seal any documents or information covered by the protective order, they shall comply with § 5.07 of the Administrative Practices and Procedures for Electronic Case Filing (ECF), Administrative Order No. 167 entered April 18, 2005.

While the Court is willing to enter a protective order preventing disclosure of information during discovery, there is a heightened standard if a party wants to file material otherwise covered by the protective order under seal. The fact that information is subject to a protective order is not

sufficient justification, in and of itself, to make a filing under seal. Rather, the filing party must show that filing under seal is proper under Rule 26(c) of the Federal Rules of Civil Procedure. See also Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996); and Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n, 710 F.2d 1165 (6th Cir. 1983). Specifically, the filing party must "provide an adequate and specific explanation as to why the [filing] should be sealed and apprise the court of the specific harm that will occur if the [filing] is not sealed." United States v. Woods, No. 12-6307 (6th Cir. Apr. 26, 2013); Elliott Co. v. Liberty Mut. Ins. Co., 2009 WL 750780, *10 (6th Cir. Mar. 23, 2009) ("strong presumption in favor of public access to judicial proceedings," citing EEOC v. National Children's Ctr., Inc., 98 F.3d 1406, 1409 (5th Cir. 1996)).

If the parties are unable to agree upon the terms of protective order, the parties shall, by August 9, 2013, file a joint report indicating the alternative language and their respective positions on the appropriate provisions of a protective order.

After entry of the protective order, the defendants shall produce the documents that they have agreed to produce subject to entry of a protective order.

By August 9, 2013, the plaintiff shall also file a memorandum addressing whether any cases from the Sixth Circuit or any United States District Court within the Sixth Circuit has permitted discovery to the extent sought by the plaintiff in this case and, if so, in what cases and what specific discovery that the plaintiff seeks in this case.

The defendants shall have until August 23, 2013, to file any response to the plaintiff's memorandum described above.

While the plaintiff has pointed out that Tennessee state courts have permitted more expansive discovery, the cautionary words of Wilkins v. Baptist Heathcare Sys., Inc., 150 F.3d 609 (6th Cir. 1998), have not been totally eroded by subsequent case law. As an ERISA case, this case is subject to a more limited scope of discovery than if it were a breach of contract case. Although some tailored discovery is appropriate even without a threshold showing of bias, conflict of interest or procedural irregularity, see, e.g., Kinsler v. Lincoln Nat. Life Ins. Co., 660 F.Supp.2d 830 (M.D.

Tenn. 2009) (Trauger, J.); Myers v. Prudential Ins. Co. of Am., 581 F. Supp.2d 904 (E.D. Tenn. 2008), this case is not a case in which no threshold showing has been made. There is a history involving the specific defendants in this case that relates to conflicts of interest. Therefore, it may not be appropriate to limit the discovery in this case quite as strictly as in cases in which no threshold showing has been made. Another factor to consider is the timing of any additional production of the defendant's responses and documents in light of the fact that the requested discovery has nothing to do with the pending dispositive motions (Docket Entry Nos. 28, 33, and 34).

The parties shall be prepared to address these and other more focused issues addressing the five categories described by the plaintiff and the specific requests at issue.

Toward that end, counsel for the parties shall confer in person or by telephone (and specifically not solely by email) and by August 30, 2013, file a joint discovery statement, in compliance with Local Rule 37.01, setting forth, by category and/or by individual interrogatories and requests for production, any matters that have been resolved since the parties filed the motion to compel and response thereto, including but hopefully not limited to the production of documents pursuant to a protective order, and the parties' respective positions on the remaining documents or categories of documents at issue.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge