UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STACY KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-01226 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| PROVIDENT LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY and UNUM GROUP ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court are four motions related to plaintiff Stacy Knight's claim that the defendants (collectively, "Unum") unfairly terminated her long-term disability ("LTD") benefits. Suffice it to say, the parties' submissions raise a host of difficult legal issues related to the appeals deadline applicable to Knight's administrative appeal and whether any procedural deficiencies by either party should be excused.

In part because of a discovery dispute that was not resolved until after the parties had fully briefed the four pending motions, the factual record on which the parties have based their arguments is somewhat muddled. First, the record contains only the version of the underlying insurance policy ("Policy") that was in place when Knight initially filed his claim in 2000, but not any subsequent version(s), which Unum has refused to produce on grounds of relevance.[1] Second, the record contains four iterations of Nissan's employee benefit plan, including versions

---

[1] In a September 11, 2013 Order, the Magistrate Judge found that Unum would not be required to produce the document, pending resolution of the dispositive motions now before the court. (*See* Docket No. 52.)

1

dated in 2003, 2004, 2007, and 2011. Pursuant to the Magistrate Judge's instruction to Knight, Knight procured an affidavit from Nissan authenticating the 2003, 2007, 2011 versions of the Plan, but not (for reasons that are unclear) the 2004 Plan. Third, the record contains five versions of a Long-Term Disability Booklet ("LTD Booklet"), each of which is comprised of (1) a "Certificate" and (2) an addendum purporting to summarize then-applicable ERISA regulations ("ERISA Addendum"). The parties appear to agree that the court should treat the LTD Booklets as the Summary Plan Description ("SPD") at a given point in time. One of the LTD Booklets precedes the 2002 amendments to ERISA, while the other four post-date those amendments.

As an initial matter, Unum seeks leave to amend its Answer, which erroneously purported to concede that Unum had amended the underlying *Policy* in June 2002, rather than the associated LTD Booklet/SPD.[2] It is clear that Unum did not realize this mistake until it received Knight's Response to Unum's Motion for Summary Judgment (Docket No. 28, Motion, Docket No. 31, Response), at which point Unum promptly filed its Motion for Leave to Amend (Docket No. 32) seeking to correct the mistake in advance of the parties' deadline to file motions for judgment on the record. Although Unum should have realized its mistake earlier, it is equally evident that Knight should have known that the document attached to his Complaint was not the Policy itself, which, by its own terms, was already part of the administrative record. Under the circumstances, the court finds no indication of bad faith or prejudice to Knight, and the court

---

[2]Knight's Complaint alleged in ¶ 27 that Unum had amended the "policy" to allow 180 days to appeal adverse benefit determinations, a proposition for which ¶ 27 cited to an attached version of the "policy." The attachment is actually the October 2003 version of the LTD Booklet/SPD, which by its own terms states in the Certificate that it merely "*summarizes* the provisions of the Policy as they may affect you" and "is *not the contract of insurance*." (Docket No. 1, Attachment No. 1, at p. 3 (emphases added).)

otherwise finds good cause under Rule 16 to excuse Unum's request to amend its Answer beyond the original Rule 15 deadline set by the court.

The parties' remaining motions raise essentially four questions:

(1) When Unum terminated Knight's LTD benefits in April 2012, was Knight statutorily entitled to a minimum of 60 days to file an appeal pursuant to the pre-2002 ERISA regulations (which applied when Knight originally filed his LTD benefits claim) or to a minimum of 180 days pursuant to the post-2002 regulations? (*i.e.*, what was the statutory minimum applicable to Knight's right to appeal in April 2012?);

(2) Even if Unum was statutorily *required* to allow only 60 days for appeal (*i.e.*, the pre-2002 ERISA regime), did Unum and/or Nissan *voluntarily* amend the procedures for appeals at some point after 2002 in a manner that would apply to Knight's April 2012 appeal? (*i.e.*, did Unum violate its own procedures in granting Knight only 90 days to appeal?)

(3) Even if the pre-2002 regulations applied to the termination letter and Unum did not violate its own procedures, did the April 11, 2012 termination letter "substantially comply" with pre-2002 ERISA regulations?[3]

(4) Even if the termination letter and the appellate deadline set forth therein otherwise complied with ERISA and Unum's procedures, does the Tennessee "notice-prejudice" doctrine prevent Unum from refusing to consider Knight's otherwise untimely appeal?[4]

Although the parties have extensively briefed these legal questions, the late resolution of the

---

[3]*See Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803 (6th Cir. 1996); *Vanderklok v. Provident Life & Accident Co., Inc.*, 956 F.2d 610 (6th Cir. 1992).

[4]Briefly, in Tennessee (as in certain other states), the failure to comply with a notice provision does not result in forfeiture of an insurance policy, if the insurer is not prejudiced by the delay. *See Alcazar v. Hayes*, 982 S.W.2d 845, 853 (Tenn. 1998) (adopting doctrine with respect to uninsured/underinsured motorist policy); *Am. Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d 811, 817 (Tenn. 2000) (extending doctrine to general liability policies). In *UNUM v. Ward*, 526 U.S. 358 (1999), the Supreme Court found that ERISA did not preempt state "notice-prejudice" rules. Here, aside from footnoted dictum in a single federal case in Pennsylvania, Knight has not identified any court (in any jurisdiction) that has actually applied the notice-prejudice rule to an untimely appeal, as opposed to notice of an initial claim.

3

discovery dispute has complicated the record as to the second question, which involves the interplay among the underlying Policy, the applicable version(s) of the Plan, and the applicable version of the SPD(s) furnished to beneficiaries in the form of LTD Booklets. Although both parties filed supplemental briefs addressing the supplemented record (including additional SPDs and the three versions of the Plan authenticated by Nissan), the supplemental briefs raise additional issues that the parties must address.

Knight's Supplemental Brief (Docket No. 53) only addressed the 2007 and 2011 versions of the Plan, stating that the unauthenticated 2004 version (and by implication the authenticated 2003 version) was rendered "moot" in light of the updated Plan terms. (*See* Docket No. 53 at p. 3.) In its Response to the Supplemental Brief (Docket No. 54), Unum argued that (1) the 2007 and 2011 Plans are irrelevant, because Unum ceased serving as Nissan's disability insurer as of January 1, 2005, and/or (2) even if the Plans otherwise governed Unum, Knight did not qualify as a "Covered Person" under either the 2007 or the 2011 Plan. If Unum's position is correct – a position to which Knight has not responded – then the terms of the 2004 Plan may be relevant, because that version of the Plan presumably was the last version that Unum applied before ceasing to serve as Nissan's disability insurer on January 1, 2005.[5]

First, the parties should address whether Knight would otherwise qualify as a "Covered Person" under the 2004 Plan and, if not, whether that ends the court's inquiry into any amendments to Unum's procedures that took place after Knight ceased employment at Nissan. Second, assuming *arguendo* that the subsequent procedural changes conceivably could apply to

---

[5]The court presumes that Knight will be able to procure an authenticated version of the 2004 Plan in the time frame set by the court herein.

4

Knight, the parties should address the effect of potential inconsistencies among and/or within the Policy, the 2004 Plan, and the SPDs.[6] In this regard, the court makes the following observations:

- Although the underlying Policy contained a "60-day limitation," it also contained sections that (1) allocated to Unum full authority to establish procedures for administering claims, (2) suggested that Unum was obligated to comply with administrative procedures in plan summaries that it (Unum) approved, and (3) permitted changes to the Policy by mutual agreement between Unum and Nissan. (*See* Docket No. 18, Attachment No. 7, at AR-2348-2372, Policy, at pp. 23 ("Allocation of Authority") and 24 ("Entire Contract, Changes.") [within "Section VIII"].)

- As Knight has pointed out, the 2004 Plan contains internally inconsistent claims procedures, stating in § 9.9A that beneficiaries have 60 days to file an appeal of a denial of LTD benefits,[7] but stating in § 9.9B that beneficiaries have *180* days to file an appeal of a denial of LTD benefits.

- The October 2003 and May 2004 SPDs also contain a potential ambiguity: the Certificate states that individuals have 60 days to appeal adverse benefit determinations, whereas the ERISA Addendum states that individuals have 180 days to file a claim.[8]

In its Response to Knight's Supplemental Brief, Unum argues that the court should ignore the SPDs and the Plan in favor of the Policy itself, which stated a 60-day deadline. However, Unum has an internal policy of allowing pre-2002 beneficiaries *90* days to file an appeal of a termination of benefits. In implementing that internal policy, was Unum exercising the very

---

[6]The court presumes that the October 2003 and May 2004 LTD Booklets, which appear to contain the same terms relevant to the issues presented here, were in effect during the year 2004. The parties have not addressed whether the SPDs were incorporated by reference into the 2004 Plan.

[7]Although not addressed by the parties, this deadline itself may have been inconsistent with ERISA, which by that time required 180 days to file an appeal, as the court understands it.

[8]Unum argues that the representations within the LTD Booklets were not actually inconsistent: the Certificate stated procedures applicable to pre-2002 claims for benefits, whereas the ERISA Addendum stated procedures applicable to claims for benefits initially filed from 2002 forward. Unum need not rehash old ground on this point, unless it has more to add to its previously stated arguments.

5

discretion to change administrative procedures – presumably including deadlines for administrative appeals – that the Policy seemed to confer upon it? Should the court otherwise construe the Policy as incorporating subsequent procedural amendments (such as amendments set forth in the SPDs) into the Policy itself?[9] If the court were to construe the 2004 Plan and/or SPDs as containing conflicting representations about the appeals deadlines, should that have any effect on the court's construction of the original Policy, Unum's administration thereof, and/or Unum's right to rely on the deadlines set forth in an insurance policy to which Nissan's employees presumably were not privy? Furthermore, the plaintiff has introduced caselaw from other circuits showing that, at least with respect to whether an administrator has full discretionary review power, courts apply the *procedural* provisions in place when a claim is denied or terminated, rather than procedures in place when the claim was filed. Should the court apply that doctrine to the time limits for appeals at issue here?[10]

Finally, it is conceivable that the amendments to the Policy contain terms that will be relevant to the court's analysis of these issues. Therefore, the court will require immediate production of amended versions of the Policy for an initial *in camera* review, at which point the

---

[9] Unum has argued that § 9.1 of the Plan simply incorporates the 60-day limitation in the Policy, which is an "Incorporated Document," obviating the need to examine the other provisions of the 2004 Plan. Knight has not addressed this potentially persuasive argument. Be that as it may, if the court were to construe the Policy as incorporating the SPDs furnished by Unum, then the terms of the SPDs could nevertheless be relevant to the court's analysis.

[10] Unum argues that *Feifer v. Prudential Ins. Co. of Am., Inc.*, 306 F.3d 1202, 1212 (2d Cir. 2002), supports its position that the vesting of benefits issue is irrelevant. However, *Feifer* concerned whether and when disability *benefits* vest, concluding that, where an employer's plan was silent on the issue of vesting on the date a beneficiary became disabled, the court would assume that the benefit vested at that time. Here, the issue is not when Knight's *benefits* vested, but rather whether Knight can avail himself of any subsequent *procedural* amendments to the claims administrator's administration of his existing claim.

court will determine whether production to Knight or his attorneys is warranted.

For the reasons stated herein, the parties are hereby **ORDERED** as follows:

- The Motion for Leave to Amend is **GRANTED**. By February 10, 2014, the defendant shall file an Amended Answer consistent with the relief requested in its motion.

- By February 10, 2014, the defendant shall produce to the court for *in camera* review copies of any amendments to the Policy. If the defendant can readily furnish those documents to the court in an even shorter time frame, it should do so.

- The plaintiff shall have until February 19, 2014 to file an authenticated version of the 2004 Policy.

- By February 19, 2014, the parties shall file supplemental legal briefs concerning the plaintiff's second argument, taking into account the concerns identified by the court herein. The parties should assume that the 2004 Plan will be authenticated.

It is so **ORDERED**.

Enter this 5th day of February 2014.

_____
ALETA A. TRAUGER
United States District Judge

7

Case 3:12-cv-01226   Document 55   Filed 02/05/14   Page 7 of 7 PageID #: 3541